UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CORDARO RENFROE, )
)
        Petitioner, )
v. ) No. 2:11-cv-062-JMS-WGH
)
STANLEY KNIGHT, )
)
        Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner Cordaro Renfroe has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. ISF 11-01-0219, Renfroe was found guilty of violating prison rules at an Indiana prison through his unauthorized possession of an electronic device, a cellular phone. The evidence favorable to the decision of the hearing officer is that on January 25, 2011, a search of Renfroe revealed him to be in possession of a cell phone. Contending that the proceeding was constitutionally infirm, Renfroe seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Renfroe received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Renfroe was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Renfroe's claim that the hearing officer's decision was not supported by sufficient evidence is refuted by the expanded record. The scrivener's error in the conduct report concerning the date the contraband was confiscated is of no constitutional significance. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Renfroe to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/11/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana